UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
          :
**VICTOR JORDAN** and **COMMITTEE TO ELECT JORDAN**,
          :

                     Plaintiffs,    :

          :  **MEMORANDUM AND ORDER**

                – against –
          :  22-CV-5657 (AMD)

**N.Y.C CAMPAIGN FINANCE BOARD**, **MARK P. GRIFFIN, FREDERICK P. SCHAFER, CAMERON FERRANTE,** and **CHERYL R. LAROSE**,
          :

                     Defendants.  :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge.

On September 19, 2022, the *pro se* plaintiff filed this action pursuant to, among other things, 42 U.S.C. § 1983. The plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is denied.

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff

1

requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'r*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019).

In his financial declaration form ("Decl."), the plaintiff states that he is unemployed and does not receive any other income, has $800.00 in a checking or savings account, and no dependents. (Decl. ¶¶ 4, 7.) He also says that he pays $800.00 a month for rent, $127.00 a month for transportation, and $105.00 a month for internet and phone service. (Decl. ¶ 6.) Based on the plaintiff's financial declaration form, the Court is not satisfied that he cannot pay the filing fee to bring this action.

## CONCLUSION

Accordingly, the plaintiff's IFP application is denied. The plaintiff is granted 14 days leave from the entry of this Order to file a Long Form IFP application or to pay the $402 filing fee in order to proceed with this action.

The Clerk of Court is respectfully directed to send a Long Form IFP application to the plaintiff along with this Order. All further proceedings will be stayed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                  s/Ann M. Donnelly

                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
       October 25, 2022